**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Wendi Carlson,

        Plaintiff,

   v.

Michael J. Astrue,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION**
**AND ORDER**
Civil No. 06-3289 ADM/SRN

---

Lionel H. Peabody, Esq., Peabody Law Office, Duluth, MN, on behalf of Plaintiff.

Lonnie F. Bryan, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Defendant.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Court Judge to consider Plaintiff's Objections ("Objections") [Docket No. 19] to Magistrate Judge Susan R. Nelson's Report and Recommendation ("R&R") [Docket No. 17], which recommends that Plaintiff's Motion for Summary Judgment [Docket No. 8] be denied, and that Defendant's Motion for Summary Judgment [Docket No. 12] be granted.  In her Complaint, Plaintiff Wendi Carlson ("Plaintiff") appeals Commissioner of Social Security Michael J. Astrue's ("Defendant") denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423.  For the reasons set forth herein, this Court adopts the R&R.  The procedural and factual background are incorporated from the R&R.

## II.  DISCUSSION

### A.      Standard of Review

A district court must make an independent, de novo review of the portions of the R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

The Commissioner's decision must be affirmed by the reviewing court if it is supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000).  The reviewing court must consider both evidence that supports the Commissioner's decision and evidence that detracts from it.  Holley, 253 F.3d at 1091.  This reviewing court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the reviewing court would have reached a different conclusion.  Id.

### B.      Plaintiff's Objections

#### 1.      Erosion of Plaintiff's Occupational Base

Plaintiff contends that the Administrative Law Judge ("ALJ") did not properly consider the erosion of Plaintiff's occupational base in determining whether Plaintiff was disabled. Objections at 8-9.  Plaintiff first asserts that contrary to the requirement of Social Security Regulations ("SSR") 83-12 and 83-14, the ALJ made no attempt to determine the extent of erosion of the occupational base.  Objections at 6, 8.  Second, Plaintiff asserts that if this court

concludes that the ALJ properly determined the erosion to Plaintiff's occupational base, this

court should also conclude that the ALJ failed to comply with SSRs 83-12 and 83-14 by failing

to fully consider Plaintiff's age in its determination.  Objections at 8-9.  Plaintiff concludes by

arguing that without having made a determination regarding the erosion of Plaintiff's

occupational base, the ALJ could not compare that base with the range of work outlined in the

Medical Vocational Guidelines (the "Grids") contained in 20 C.F.R. pt. 404, subpt. P, app. 2

(2003).  Plaintiff asserts that had the ALJ compared the occupational base with the range in the

Grid, the ALJ would have had to conclude that Plaintiff was disabled because the work available

in Plaintiff's occupational base is "less than that under which a finding of disability is required

under the Grids."  Objections at 8-9.

Judge Nelson rejected Plaintiff's contention that SSR 83-12 is applicable, finding that

SSR 83-12 applies to claimants with only exertional limitations.  Plaintiff has both exertional

and nonexertional limitations.  R&R at 18.  SSR 83-12 specifically explains that the purpose of

the rule is to clarify policies for adjudicating claims in which "an individual has only exertional

limitations."  SSR 83-12, 1983 WL 31253, at *1 (Soc. Sec. Admin. Nov. 30, 1982).  Judge

Nelson properly noted that SSR 83-12 does not apply because this is a case involving both

exertional and nonexertional limitations.

SSR 83-14 is the provision that applies to cases involving both exertional and

nonexertional limitations.  It instructs consultation of a Vocational Expert (VE) when necessary

to determine the plaintiff's occupational base.  SSR 83-14, 1983 WL 31254, at *1 (Soc. Sec.

Admin. Nov. 30, 1982).  Having determined that Plaintiff had both exertional and nonexertional

limitations, R. at 17, the ALJ appropriately consulted a VE to determine the extent to which

Plaintiff's nonexertional limitations eroded her occupational base. R. at 20. Accordingly, Plaintiff's argument that the ALJ did not determine the erosion to her occupational base is simply without factual support. Judge Nelson properly concluded that the ALJ complied with the requirements of SSR 83-14.

Judge Nelson also rejected Plaintiff's argument that the ALJ failed to properly consider her age. Judge Nelson concluded, and this court agrees, that the ALJ properly considered the Plaintiff's age as shown by the ALJ's inclusion of Plaintiff's age in the hypothetical posed to the VE and the reference in the ALJ's decision to Plaintiff as an individual "closely approaching advanced age," as defined by 20 C.F.R. § 404.1563. R&R at 13.

Plaintiff's final argument contends that where a plaintiff's occupational base is less than that for which the Grids dictate a finding of disbility, the ALJ must find the plaintiff disabled. Plaintiff has not set forth any legal authority that supports this proposition. Therefore, given the ALJ's consideration of Plaintiff's age and the use of a VE to determine the erosion of Plaintiff's occupational base, Judge Nelson properly determined there is substantial evidence to support the ALJ's conclusion.

### 2.      Opinion of Treating Physician

Plaintiff next argues the ALJ did not give controlling weight to the treating physician's opinion. Objections at 9. Specifically, Plaintiff claims the ALJ failed to accept Dr. Eckman's 2001 recommendation that Plaintiff work less than full time and rest fifteen minutes for each 45 minutes of work. Id. Instead, the ALJ determined that Plaintiff could work full time without the limitations expressed in Dr. Eckman's 2001 recommendation. R. at 18. The ALJ based this decision on Dr. Eckman's subsequent changes to Plaintiff's work restrictions. R. at 18-19. In

2002, while Plaintiff was working twenty hours per work repairing damaged mail for the United

States Postal Service, Dr. Eckman expressed the opinion that Plaintiff could increase her hours

with work that required less wrist and hand stress.  R. at 280.  In 2004, Dr. Eckman again

reviewed Plaintiff's work limitations and concluded that Plaintiff could do occasional typing,

regular telephone answering, message taking, and other light clerical duties.  R. at 250.

Judge Nelson determined that the ALJ gave appropriate weight to Dr. Eckman's opinion.

R&R at 13-15.  While acknowledging that Dr. Eckman's 2001 work restrictions were more

limiting, Judge Nelson concluded that there was substantial evidence for the ALJ's

determination  that Plaintiff could be expected to work full time if she worked in a position

requiring less hand and wrist stress than was required in her position with the USPS.  Id.

Because the ALJ removed occupations requiring repetitive hand usage or heavy lifting from

consideration, Judge Nelson concluded that the ALJ did not err in rejecting the rest

recommendation given in Dr. Eckman's 2001 opinion.  Id. at 15.

"A treating physician's opinion is generally entitled to substantial weight." Kelley v.

Callahan, 133 F.3d 583, 589 (8th Cir. 1998).  Judge Nelson properly concluded that there was

substantial evidence in the record to support the ALJ's decision to give greater weight to Dr.

Eckman's 2004 opinion than the opinion he expressed in 2001.  Dr. Eckman's letter of February

27, 2004, is the medical evidence temporally closest to the onset of Plaintiff's disability, March

4, 2004.  Further, there is no support in the record that the rest requirement expressed in 2001

with regard to Plaintiff's USPS job, which required significant hand and wrist stress, also applied

to Dr. Eckman's 2004 opinion.  Instead, the 2001 rest requirement is reasonably read to be

paired only with work requiring heavy and repetitive hand activity.  Therefore, the ALJ correctly

afforded substantial weight to Dr. Eckman's 2004 opinion and Judge Nelson correctly concluded

that the ALJ's conclusion regarding Plaintiff's limitations was supported by substantial medical

evidence in the record.

### 3.    Existence of a Significant Number of Jobs

Plaintiff also contends that the VE's testimony provided an inadequate foundation for the

ALJ's conclusion that Plaintiff was capable of performing a significant number of jobs in the

regional economy.  Objections at 9.  First, Plaintiff avers that the VE's testimony was ambiguous

and therefore cannot constitute substantial evidence.  Id. at 9-10.  Second, Plaintiff contends that

the ALJ's determination of the number of jobs available improperly relied on the statewide totals

without accounting for the possibility that Plaintiff's limitations did not allow her to perform all

the statewide jobs in a given occupation.  Id. at 10.

After concluding that Plaintiff was no longer capable of performing her past work, the

VE identified three jobs Plaintiff could of perform: gate guard, checker of merchandise or

freight, and room service clerk.  R. at 419-427.  The VE detailed the number of each of these

jobs available in the regional economy, a description of each job, and an explanation for why he

believed Plaintiff was capable of performing the required duties.  R. at 419-427.  The VE

concluded by stating, "Those are three examples of light jobs that would fit," to which the ALJ

responded by requesting further examples.  R. at 422.  The VE provided two more examples and

finished by stating that those were the kinds of jobs he felt Plaintiff was capable of performing

but that "additional inspection" was necessary.  R. at 424.

In support of her first argument, Plaintiff asserts that the VE qualified his testimony

regarding the types of jobs Plaintiff was capable of performing such that the VE's testimony was

inconclusive with regard to all of the jobs listed.  Objections at 9-10.  However, Judge Nelson

found that "the VE did not qualify the recommended jobs in any way," and that the VE's

testimony properly accounted for Plaintiff's age, work experience, education, and limitations.

R&R at 22.

    This Court agrees with Judge Nelson that the ALJ's significant jobs conclusion was

supported by substantial evidence in the record.  Testimony from a VE may constitute

substantial evidence only when it is given in response to a properly phrased hypothetical that

encompasses all the claimant's relevant impairments.  Pickney v. Chater, 96 F.3d 294, 296 (8th

Cir. 1996).  In the instant case, the ALJ posed to the VE an inclusive hypothetical to determine

whether Plaintiff was capable of performing jobs existing in the regional economy.  R. at 416-

417.  In the hypothetical, the ALJ related Plaintiff's age, work experience, education, and her

exertional and nonexertional limitations.  R. at 416-417.  The VE responded by suggesting three

jobs within the light work category that Plaintiff would be capable of performing.  R. at 417-422.

Any reservations the VE had regarding Plaintiff's capabilities only applied to the two positions

subsequently discussed, which the ALJ did not consider in his determination.  R. at 422.  The

VE's testimony, given in response to a properly phrased hypothetical, was unambiguous and

constituted substantial evidence upon which the ALJ properly relied.

    With regard to Plaintiff's second argument, she cites Gravel v. Barnhart, 360 F. Supp. 2d

442 (N.D.N.Y. 2005) to support the proposition that the VE's testimony does not constitute the

substantial evidence necessary to support the ALJ's conclusion.  Objections at 10.  Plaintiff

asserts that the VE's testimony is flawed by the VE's failure to reduce his number to account for

Plaintiff's limitations when he provided the number of jobs listed by the U.S. Department of

Labor. Id. Gravel addresses the use of VE testimony where the VE's testimony was not responsive to the ALJ's hypothetical and is not instructive in this case. 360 F. Supp. 2d at 451.

In reviewing whether the ALJ's conclusion is supported by substantial evidence in the record, the ALJ is allowed some discretion in applying the significant numbers requirement to a particular claimant's factual situation. Hall v. Chater, 109 F.3d 1255, 1259 (8th Cir. 1997).[1] In making this determination, the ALJ should consider "the level of the claimant's disability, the reliability of both the claimant's and the VE's testimony, and the types and availability of work that the claimant could perform." Id.

While it is correct that the VE relied on information provided by the Department of Labor to determine the number of jobs available in each category, the VE also discussed how Plaintiff's limitations would restrict her from working at certain jobs within the categories he listed. The evidence in the record demonstrates that the ALJ was aware that the VE quoted statewide totals when he provided the ALJ with the numbers of jobs available to Plaintiff and he was also aware that there would be jobs, included in the statewide total, that Plaintiff would be unable to perform. With that knowledge, the ALJ ultimately determined that Plaintiff was capable of performing a significant number of jobs available in the regional economy. This Court

---

[1] In Hall, the Eighth Circuit upheld an ALJ's significant numbers determination that very closely resembles the determination made in this case. 109 F.3d at 1258-60. In Hall, a VE testified to the number of jobs available to the plaintiff using the statewide totals provided by the Department of Labor. Id. at 1259. In addition to the statewide totals, the VE testified that the plaintiff would be unable to perform every job in the categories of employment available to the plaintiff. Id. The ALJ subsequently determined that the plaintiff was capable of performing a significant number of jobs in the regional economy but did not expressly indicate how the statewide totals were reduced by the plaintiff's limitations. Id. In upholding the ALJ's determination, the Eighth Circuit stated: "There is no evidence to give us pause in concluding that the ALJ used common sense in applying the significant numbers requirement to Hall's particular factual situation." Id. at 1260.

concludes that the ALJ's determination that significant numbers of jobs existed that Plaintiff was

capable of performing is supported by substantial evidence in the record.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      Plaintiff's Objections [Docket No. 19] are **OVERRULED**;

2.      Magistrate Judge Nelson's Report and Recommendation [Docket No. 17] is

        **ADOPTED**;

3.      Plaintiff's Motion for Summary Judgment [Docket No.8] is **DENIED**; and

4.      Defendant's Motion for Summary Judgment [Docket No. 12] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


           s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 13, 2007.